## Felix McGee v. Odis McGee.

1. ASSUMPSIT—*when lies.* Assumpsit lies whenever a defendant has money of the plaintiff which in equity and good conscience he has no right to retain.

Action of assumpsit. Appeal from the Circuit Court of Edgar County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906

R. W. FISK and H. S. TANNER, for appellant.

H. VAN SELLAR and F. C. VAN SELLAR, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by appellee against appellant for the recovery of the sum of $500 which it is claimed appellant received for the benefit of appellee and ought not, in good conscience, retain.

The declaration consists of the common counts only. The cause was tried by jury resulting in a verdict and judgment in favor of the plaintiff, to reverse which the defendant appeals.

The evidence tends to show the following facts: Appellee during a visit to Kansas made a contract with one McCoy for the purchase of a tract of land in that State, for the sum of $5,000. As the first payment thereon he gave his note to McCoy for $500, which appellant signed as surety. It was further agreed that in case appellee should fail to comply with his agreement to purchase, he was to forfeit said first payment. When McCoy afterwards came to Illinois to consummate the trade, appellant in the presence of appellee informed McCoy that he had concluded not to take the land and refused to pay the note. Appellant then agreed to take the land at the same price with the understanding that he was to receive credit for the note upon which he was surety and which was not yet due, as a part of the

purchase price. Pursuant to said agreement the land was conveyed to appellant who paid to McCoy, by assuming a mortgage upon the land, and in cash, the sum of $4,500. When the note fell due, McCoy, at the instance of appellant, assigned the same to his partner, one Kerns, who brought suit against appellee upon the same, and recovered judgment for the amount due thereon, which appellee afterwards paid and then brought the suit at bar.

While the evidence is conflicting and somewhat close, we are unable to say that the jury who saw and heard the witnesses, were unwarranted in finding the facts to be as above stated.

It is well settled that an action for money received may be maintained whenever the defendant has obtained money of the plaintiff which in equity and good conscience he has no right to retain. When money has been thus received, the law implies a promise to pay, notwithstanding there was no privity between the parties. Alderson v. Ennor, 45 Ill., 128; Bank v. O'Hare, 119 Ill., 646.

Applying this rule to the facts above set forth, we are satisfied that the judgment is right. Appellant had received the benefit of the same when he purchased the land, having received credit for it on the purchase price. Appellee having been compelled to pay the note representing the money, is, we think, clearly entitled in equity and good conscience to recover the same from him in this form of action. Inasmuch as appellee is not seeking to recover the costs of the suit upon the note, we cannot see how appellant could have been injured by reason of the default suffered by appellee. If appellant received credit for the note on the land purchased from McCoy he should have paid the same. The fact that he failed to do so but compelled McCoy to recover the same from appellee by suit, is a matter of which he should not be allowed to take advantage. If appellee had paid the note without suit, he would have a clear right of recovery against appellant. In either event, appellant would be compelled to pay the sum of $500 only, of which he has had the full benefit.

No error was committed by the court in its rulings upon the evidence and instructions and the judgment will be affirmed.

*Affirmed.*